NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALISA LOVE, | Civil Action No. 26-5810 (SDW) (AME) |
| Plaintiff, | |
| v. | WHEREAS OPINION & ORDER |
| SUPERIOR COURT OF ESSEX COUNTY, *et al.*, | June 10, 2026 |
| Defendants. | |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon Plaintiff Alisa Love's ("Plaintiff") filing of a Complaint (D.E. 1) and an application to proceed *in forma pauperis*, (D.E. 1-2 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

**WHEREAS** here, Plaintiff's IFP application shows that her income far exceeds her total monthly expenses, rendering her ineligible for IFP status. (*Compare* D.E. 1-2 at 1–2 (total monthly income exceeding $16,000), *with* D.E. 1-2 at 4–5 (monthly expenses totaling $1,357)); and

1

**WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). "Although courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear 'the burden of showing that the case is properly before the court at all stages of the litigation.'" *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015) (quoting *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012)); and

**WHEREAS** under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). For the *Rooker-Feldman* doctrine to

apply, the following four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); and

**WHEREAS** Plaintiff complains of conduct related to or involving August 2012 foreclosure proceedings before the New Jersey Superior Court of Essex County involving her home. This Court has previously encountered—and dismissed—the claims asserted in Plaintiff's Complaint. (*See* Docket No. 15-cv-2961, D.E. 3 (dismissing Plaintiff's complaint for failure to state a claim where her time to appeal "any decision that issued in 2012" had expired, among other grounds); *see also* Docket No. 16-cv-3360, D.E. 6 (dismissing Plaintiff's complaint because they had been resolved in state court in or around 2012 and alternatively, for lack of jurisdiction and because the statute of limitations had run)); and

**WHEREAS** in this instance, Plaintiff specifically takes issue with the state court's May 11, 2026 decision denying Plaintiff's motion to reopen the state court matter. (D.E. 1-4 at 1.) Plaintiff goes as far as characterizing this matter as an appeal of the state court's May 11, 2026 decision. (*Id.*) This Court construes Plaintiff's Complaint as seeking recourse from the state court proceeding; this, however, is not the appropriate forum to raise these claims. *See Nest v. Nationstar Mortg.*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) ("The Third Circuit has specifically held that the *Rooker-Feldma*n doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision."). Finding that the elements of the *Rooker-Feldman* doctrine apply, this Court concludes it lacks subject-matter jurisdiction over the instant matter; therefore

**IT IS**, on this 10th day of June 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**;

and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


                            ___/s/ Susan D. Wigenton_____
                            **SUSAN D. WIGENTON, U.S.D.J.**


Orig:  Clerk
cc:     Parties
        Andre M. Espinosa, U.S.M.J.